### GRIFFIN v. McKENNA et al.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. MASTER AND SERVANT (§ 41*)—BREACH OF EMPLOYMENT CONTRACT—COMPUTATION OF DAMAGES.

   Where, in a salesman's action for breach of an employment contract, which has been breached by his employer by discharging him, it appears that plaintiff made two trips, and also made sales while in the city, it is error to estimate his damages only on the basis of commissions earned on the first trip, without taking into account the second trip and his city sales.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50-53; Dec. Dig. § 41.*]

2. MASTER AND SERVANT (§ 43*)—BREACH OF EMPLOYMENT CONTRACT—DAMAGES RECOVERABLE—QUESTION FOR JURY.

   In a salesman's action for the value to him of a contract breached by his employer, it was error to instruct that plaintiff, if entitled to recover, was entitled to $280; the question of the damages to be awarded being for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William J. Griffin against Alfred J. McKenna and another, copartners doing business as the Toque Company. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Hugo S. Mack, of New York City (William Kaufman, of New York City, of counsel), for appellants.

Finis E. Montgomery, of New York City, for respondent.

COHALAN, J. Plaintiff sues to recover damages for the alleged breach of a contract of employment. The complaint alleges that the defendants engaged the plaintiff as a traveling salesman for a period of six months, to commence on the 5th day of January, 1914. There is a dispute as to terms of the employment and as to the time which the agreement had to run. The defendant was discharged on the 18th day of March, 1914, and he claimed damages in the sum of $500. The plaintiff testified that he was to receive $30 per week and traveling expenses; that he made one trip of 19 days, selling $881 worth of merchandise, or $46.36 worth of goods per day; and that he made one other trip of 3 days' duration. It appeared that the plaintiff received $230 on account of traveling expenses and $30 each week in salary—in all, the sum of $530. There was testimony that both the drawing account and the road expenses were to be deducted from what he earned on the goods sold.

[1, 2] The plaintiff elected to recover damages on what he would have earned in commissions, had he remained until the expiration of the contract, instead of to recover his alleged drawing account of $30 per week until the end of the same period. The court charged the jury that, in the event of a recovery, the plaintiff would be entitled to receive the sum of $280; that the plaintiff had sold on his first 19 days' trip on the road $881 worth of merchandise, his average daily sales being $46.37, upon which his commissions, at the rate of 10 per cent., would be $4.63; that the contract period was 176 days; hence the plaintiff would have earned about $810, from which there should be deducted the sum of $530, the amount received from the defendants, leaving a balance of $280. This direction in the charge constituted error. The computation did not take into account the second trip, nor did it provide for any orders that the plaintiff might have taken while in the city.

In view of the fact that the plaintiff was seeking to recover the value of the contract to him, it was for the jury to determine the damages to be awarded for the breach thereof. Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676. Moreover, the plaintiff, in his bill of particulars, stated that the damages sustained by him in the loss of commissions amounted only to the sum of $228.16.

Judgment reversed, and new trial ordered; costs to appellants to abide the event. All concur.